TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Guy Wade*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guy Wade, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, and Statebridge Company, LLC a Colorado company. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COME THE PLAINTIFF, GUY WADE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Queen Creek, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona; and

   b. Statebridge Company, LLC ("Statebridge Company"), which is a Colorado company that maintains a registered agent in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

6. On May 28, 2010, Mr. Wade filed Chapter 13 Bankruptcy. He included his mortgage, originally held by Bank of America and later transferred to Selene Finance, in his Chapter 13 Bankruptcy filing.

7. On July 13, 2015, Mr. Wade's Chapter 13 Bankruptcy was discharged.

8. Mr. Wade does not live in the house, which is the subject of the Errant Trade Line. It was surrendered as part of the Chapter 13 Bankruptcy.

9. On or about May 13, 2016, Mr. Wade obtained his Experian credit file and noticed a trade line called Statebridge Company with account number 2….("Errant Trade Line") that was reporting his mortgage which was discharged in his bankruptcy. It was reporting an inaccurate status of "Petition for Chapter 13 Bankruptcy. $194,516.00 past due as of April 2016." It also inaccurately reported an account history of "Filed Chapter 13 Bankruptcy on April 30, 2016" and it reported a recent balance of $525,702.00 as of April 2016.

10. On or about June 14, 2016, Mr. Wade submitted a letter to Experian, disputing the Errant Trade Line. In this dispute letter, he disputed the inaccurate status of "Petition for Chapter 13 Bankruptcy. $194,516.00 past due of April 2016." He also disputed the account history of "Filed Chapter 13 Bankruptcy on April 30, 2016." Finally, he disputed the balance of $525,702.00. He stated that the

mortgage, which was the subject of the Errant Trade Line, was originally held with Bank of America and then transferred to Selene Finance. He stated that he included the mortgage in his Chapter 13 Bankruptcy on May 28, 2010, and it was discharged on July 13, 2015. He attached the history of his bankruptcy case, the Certificate of Notice, and Order Granting Discharge of Debtors After Completion of Chapter 13 Plan, confirming the same. He asked that the inaccurate status, past due balance, and balance be removed from his credit report. He asked that the status be "Discharged through Chapter 13 Bankruptcy." He also asked that the language stating that he filed Chapter 13 Bankruptcy on April 30, 2016, be removed from his credit report.

11. Upon information and belief, Experian forwarded Mr. Wade's consumer dispute to Statebridge Company.

12. On or about July 6, 2016, Mr. Wade received Experian's investigation results, which showed that Statebridge retained a balance of $538,218.00 and an inaccurate status of, "Open. $200,248.00 past due of June 2016." It also retained late payments in 2016 under the payment history section of his Experian credit file.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STATEBRIDGE COMPANY

13. Plaintiff realleges the above paragraphs as if recited verbatim.

4

14. After being informed by Experian of Mr. Wade's consumer dispute of the incorrect balance, late payments, and incorrect status of the Errant Trade Line, Statebridge Company negligently failed to conduct a proper investigation of Mr. Wade's dispute as required by 15 USC 1681s-2(b).

15. Statebridge Company negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian to correct the balance and status of the Errant Trade Line and to remove the late payments.

16. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Wade's consumer credit file with Experian to which it is reporting such trade line.

17. As a direct and proximate cause of Statebridge Company's negligent failure to perform its duties under the FCRA, Mr. Wade has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

18. Statebridge Company is liable to Mr. Wade by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

19. Mr. Wade has a private right of action to assert claims against Statebridge Company arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Statebridge Company for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STATEBRIDGE COMPANY

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Experian that Mr. Wade disputed the accuracy of the information it was providing, Statebridge Company willfully failed to conduct a proper reinvestigation of Mr. Wade's dispute.

22. Statebridge Company willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of Statebridge Company's willful failure to perform its duties under the FCRA, Mr. Wade has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. Statebridge Company is liable to Mr. Wade for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Statebridge Company for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wade as that term is defined in 15 USC 1681a.

27. Such reports contained information about Mr. Wade that was false, misleading, and inaccurate.

28. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Wade, in violation of 15 USC 1681e(b).

29. After receiving Mr. Wade's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

30. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Wade has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

31. Experian is liable to Mr. Wade by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wade as that term is defined in 15 USC 1681a.

34. Such reports contained information about Mr. Wade that was false, misleading, and inaccurate.

35. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Wade, in violation of 15 USC 1681e(b).

36. After receiving Mr. Wade's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Wade has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Experian is liable to Mr. Wade by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

1  DATED: September 7, 2016

2
3                                          KENT LAW OFFICES
4
5                                  By:   */s/   Trinette G. Kent*
6                                    Trinette G. Kent
                                     Attorneys for Plaintiff,
7                                    Guy Wade